JONATHAN C. STEVENS *vs.* GERSHOM M. FITCH & another.

When a judgment, that has been satisfied, is reversed or vacated, the amount thereof may be recovered back in an action for money had and received.

The real defendant in an action, who pays a judgment recovered against the nominal defendant, which is afterwards vacated, may maintain an action, in his own name, to recover back the amount of such judgment.

ASSUMPSIT to recover $709·89, money had and received by the defendants to the use of the plaintiff. At the trial before *Dewey*, J. the following facts appeared in evidence:

The defendants, in 1840, recovered judgment, in the court of common pleas, against Stephen Stevens, for damages and costs of suit, on a complaint against him for flowing their lands by means of a mill dam. Execution issued on that judgment, and was levied, on the 9th of March 1841, upon said Stephen's real estate. On the 1st of March 1842, the plaintiff paid the defendants $709·89, and they gave him a

Stevens *v.* Fitch & another.

receipt for that sum, " in full of an execution against Stephen Stevens." Said Stephen died in 1842.

At the September term of this court, in 1845, the aforesaid judgment of the court of common pleas was vacated, on a writ of *certiorari* brought by the administrator of said Stephen's estate. See 7 Met. 605.

The defendants insisted that the cause of action, if any, accrued to said Stephen, and that an action for the recovery of said $709·89 could be maintained only by his administrator, and that there was no such privity between the defendants and the plaintiff, as entitled him to maintain this action.

The plaintiff showed that he was the sole party in interest, and that, although the proceedings on the complaint for flowing the defendants' lands were nominally against Stephen Stevens, on whose land the said mill dam was erected, yet that the mill, which was carried by the water raised by said dam, was owned by the plaintiff, and was on his land ; that the plaintiff had assumed all the responsibility, and that this was known to the defendants; and that the plaintiff had given a bond to said Stephen to save him harmless from all damages and costs that might be recovered against him on the defendants' aforesaid complaint.

The case was taken from the jury, under an agreement of the parties that if it would have been competent for the jury to find a verdict for the plaintiff, and if the court would have sustained such verdict, then the defendants should be defaulted ; but that the plaintiff should become nonsuit, if he is not, in the opinion of the court, entitled to recover in this action.

*Barnard & Sumner,* for the plaintiff. When a judgment, which has been satisfied, is reversed or vacated, the amount thereof may be recovered back in an action for money had and received. *Clark* v. *Pinney,* 6 Cow. 297. 1 U. S. Digest, Assumpsit, 557. 1 Stephens N. P. 357. And when the judgment is against a nominal party, this action may be maintained by the real party, if he have satisfied the judgment. *Maghee* v. *Kellogg,* 24 Wend. 32. See also *Sanford*

v. *Nichols*, 14 Connect. 324. *Carnegie* v. *Morrison*, 2 Met. 401. *Magill* v. *Lyman*, 6 Connect. 59. 1 U. S. Digest, Assumpsit, 415.

*Bishop*, for the defendants. The plaintiff is to be regarded as the agent of Stephen Stevens, in paying the judgment against him ; and therefore there is no privity between the defendants and the plaintiff, which will warrant the maintenance of this action. 1 Stephens N. P. 333. *Stephens v. Badcock*, 3 Barn. & Adolph. 354. And the receipt given by the defendants to the plaintiff is not evidence to support the action. *Edden v. Read*, 3 Campb. 339.

WILDE, J. We are clearly of opinion that a verdict for the plaintiff would be well maintained by the evidence, and that a verdict for the defendants could not be sustained upon the facts proved, as to which there is no conflicting evidence.

The only defence relied on is, that there is no privity of contract between the present parties, and that the action should have been brought in the name of Stephen Stevens's administrator. But there is no ground for this defence. The money now sued for was paid by the plaintiff, not as the agent or attorney of Stephen Stevens, who was only a nominal party. The plaintiff was the sole party in interest, and he paid the money, on his own account, which he was obliged to pay, on a consideration which has failed ; and this shows a privity of contract implied by law. In the cases cited in support of the defence, it appeared that the money paid was paid by an agent. The contrary is proved in the present case ; for the plaintiff paid his own money, and in no sense can he be considered as the agent of Stephen Stevens. Judgment for the plaintiff would be a good bar to an action by the administrator of Stephen Stevens.

*Defendants defaulted.*